UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Thurman V. Lilly, | ) | C/A No. 2:07-1700-JFA-RSC |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | ORDER |
| Jon Ozmint; Stan Burtt; Adrian Martell; R. Reeves; Robert Ward; Fred Thompson; Thierry Nettles; Tim B. Roof; Gilbert Emrhein; NFN Williams; J. Powell; Yvette Blowe, | ) ) ) ) ) | |
| Defendants. | ) ) | |

      This is a civil rights action filed pursuant to 42 U.S.C. § 1983 by a prisoner proceeding *pro se*. The complaint challenges various conditions of confinement at Lieber Correctional Institution ("Lieber"), a facility of the South Carolina Department of Corrections ("SCDC"). The plaintiff, Thurman Lilly ("Plaintiff"), placed his original signature on the complaint. Additional pages attached to the complaint are copies of the signatures of several hundred prisoners at Lieber who wish to join as plaintiffs in this case. Compl. at 33-53. In a cover letter to the Court, Plaintiff explains that the pages with original signatures will be provided upon the Court's request.[1]

      The complaint requests class action certification. Plaintiff, who designates himself "class representative," cannot litigate the interests of the several hundred other signatories on the complaint, who are also prisoners in the custody of SCDC. The Fourth Circuit holds that "the competence of a layman representing himself" is "clearly too limited to allow him to risk the rights of others." *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975). In *Oxendine*, the Court concluded that a prisoner proceeding *pro se* cannot represent other prisoners in a class action. *Id*; *see also Hummer v. Dalton*, 657 F.2d 621, 623 n. 2, 625-626 (4th Cir. 1981)(suit is "confined to redress for violation of his own personal rights and not one by him as a knight-errant for all prisoners"). Plaintiff's request for class certification in this case, therefore, is **denied**.

      Although not allowed to proceed as a class action, this case contains signatures of multiple plaintiffs indicating a desire to litigate various issues concerning conditions of confinement in Lieber. Because the plaintiffs are prisoners, the Prison Litigation Reform Act ("PLRA"), Pub.L. No.

---

[1] The Clerk of Court has been directed to docket only Thurman Lilly as the plaintiff in this case because the complaint contains only his original signature and this order directs that the remaining plaintiffs proceed in individual cases. The Clerk of Court is further directed to terminate on the docket John Ward and C. Reeves as defendants. The docket should contain the twelve defendants listed on pages 14 through 16 of the complaint as reflected in the caption of this order.

194-134, §§ 801-810, 110 Stat. 1321 (1995), applies to this case. The screening provision of 28 U.S.C. § 1915A(a) requires review of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and allows for *sua sponte* dismissal in specified circumstances. The PLRA placed "some rather substantial limitations on a prisoner's ability to initiate a civil action." *Green v. Young*, 454 F.3d 405, 406 (4th Cir. 2006).

Upon review, and in applying provisions of the PLRA to this case, the question of whether multiple plaintiffs can proceed in a single case under the PLRA arises. The PLRA requires prisoners to pay the full filing fee, although the fee may be paid in installments. 28 U.S.C. § 1915(b); *Green v. Young* at 407. The Fourth Circuit has not addressed the issue of payment of fees in a case filed by multiple plaintiffs subject to the PLRA. Finding no binding precedent, this Court is persuaded by the reasoning of the Eleventh Circuit in *Hubbard v. Haley,* 262 F.3d 1194, 1197-98 (11th Cir. 2001), *cert. denied*, 534 U.S. 1136 (2002), which held that multiple prisoners are not allowed to join together in a single lawsuit. Multiple filing fees cannot be collected for one case filed by multiple plaintiffs, thus the PLRA's requirement that a prisoner pay the full fee for filing a lawsuit would be circumvented in a multiple plaintiff case subject to the PLRA. The *Hubbard* court found that it was appropriate to sever the claims and require each prisoner to file separate lawsuits. *Id.* at 1198.

Additionally, a prisoner is required to exhaust administrative remedies prior to filing suit for civil rights violations. 42 U.S.C. § 1997e(a)("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). Just as payment of one fee does not cover multiple plaintiffs under the PLRA, exhaustion of administrative remedies by one prisoner does not meet the exhaustion requirement for all the plaintiffs. Each individual plaintiff is required to comply with the exhaustion requirement. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002)(exhaustion is required in all actions brought with respect to prison conditions); *Woodford v. Ngo*, _U.S._, 126 S.Ct. 2378, 2383 (2006)(PLRA makes "proper" exhaustion mandatory).

Finally, each plaintiff's claims are unique to the particular plaintiff. The complaint raises seven claims for relief. Compl. at 25 - 29. Although general conditions may be similar, different factual situations exist for how the general conditions apply to each plaintiff in relation to each claim.

This Court therefore concludes that the claims of the plaintiffs will require individualized determinations. Accordingly, the Clerk of Court is directed to assign separate individual civil action numbers to each of the other individual inmates whose signatures appear on the signature pages of the complaint. Any names that are listed, but do not contain a signature, shall not be assigned a civil action number. When assigning the civil action numbers to the new cases, the Clerk of Court shall give assignment credit for each of the new cases. The defendants in the new cases will be the same defendants in the caption of this Order. The Clerk of Court is authorized to re-file the complaint from this case in the new cases and to process the new cases as prisoner civil rights cases. The initial document entries on the docket in the additional cases will be this order and the complaint in this

case. The Clerk of Court is authorized to determine the most efficient way and time for assigning case numbers and entering the new case numbers, party information, and pleading information on the Court's docket in the Electronic Case Filing system.

    IT IS SO ORDERED.

*[signature: Joseph F. Anderson, Jr.]*

July 6, 2007  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge